# Court of Appeals of the State of Georgia

ATLANTA, December 27, 2013

*The Court of Appeals hereby passes the following order:*

## A14E0011. EDWARD K. AGYEMAN v. FIRST NATIONAL MORTGAGE ASSOCIATION.

Edward K. Agyeman has filed an emergency request for stay, permission to appeal and a petition for writ of mandamus from orders of the Superior Court of Douglas County filed on December 13, 2013, granting summary judgment to First National Mortgage Association and December 20, 2013, granting a writ of possession to First National Mortgage Association.

Upon consideration, and pursuant to the inherent power of this Court to issue orders under Court of Appeals Rule 40 (b), we hereby construe Agyeman's emergency motion as a request to file an application for discretionary appeal, and grant him a seven day extension from the date of this order to file an application in compliance with all applicable rules and procedures governing the filing of such applications.[1]  See OCGA § 5-6-35 and Court of Appeals Rule 31; see also OCGA § 5-6-35 (11) (discretionary appeal procedure applicable to orders from the superior court reviewing decision of the magistrate court by de novo proceedings).

Further, "the filing of an application for appeal shall act as a supersedeas to the

---

[1] We note that OCGA § 44-7-56 requires that appeals or applications for appeal from judgments of this type must be filed within seven days of the date the judgment was entered and that Agyeman's emergency motion was on December 27, 2013, within seven days of the trial court's order issued on December 20, 2013.  Because this motion was timely filed, we have the authority to extend the time for filing the application for discretionary appeal.  See OCGA § 5-6-39 (a) (5) and (d); Court of Appeals Rule 31 (g).

extent that a notice of appeal acts as supersedeas," OCGA § 5-6-35 (h); see also Court of Appeals Rule 40 (a), and thus we find it unnecessary to issue a stay in this matter. Lastly, Agyeman's petition for mandamus appears in substance to merely assert error in the trial court's orders and these arguments should be more properly raised as such in his application for discretionary appeal. Accordingly, we decline to transfer this motion to the Supreme Court for consideration. See Ga. Const. of 1983, Art. VI, Sec. VI, Par. III (5) (the Supreme Court of Georgia has exclusive appellate jurisdiction of all cases involving extraordinary remedies including mandamus).



*Court of Appeals of the State of Georgia*
     *Clerk's Office, Atlanta,*___12/27/2013___
     *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
          *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____, *Clerk.*